UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAHEEM THOMPSON,

                         **Plaintiff,**

              v.                                    **9:09-CV-685**
                                                        (FJS/DEP)

BALDWIN, Officer, FCI Ray Brook and HENRY J.
SADOWSKI, Regional Counsel,

                         **Defendants.**
_____

**APPEARANCES**                             **OF COUNSEL**

**RAHEEM THOMPSON**
**15766-014**
FCI Fairton Correctional Facility
P.O. Box. 420
Fairton, New Jersey 08320
Plaintiff *pro se*

**OFFICE OF THE UNITED STATES**     **CHARLES E. ROBERTS, AUSA**
**ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendants

**SCULLIN, Senior Judge**

# ORDER

     Currently before the Court are Magistrate Judge Peebles' August 16, 2011 Report and Recommendation, *see* Dkt. No. 54, and Plaintiff's objections thereto, *see* Dkt. No. 56.

     Plaintiff Raheem Thompson commenced this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* In his amended complaint, Plaintiff alleged that, while he was incarcerated at the Ray Brook Federal Correctional Institute ("FCI Ray Brook"), fellow inmates stole items of his personal property; Defendant Baldwin observed the theft but did nothing to stop or correct it; and Defendant Sadowski violated his Fifth Amendment due process rights by refusing to offer him a settlement in response to his administrative tort claim filed pursuant to the FTCA concerning his property loss, thereby effectively denying him an adequate post-deprivation remedy. *See generally* Dkt. Nos. 1, 23.[1]

On November 1, 2010, Defendants filed a pre-answer motion to dismiss or, in the alternative, for summary judgment, in which they sought dismissal of Plaintiff's complaint in its entirety on the grounds that Plaintiff had failed to exhaust his available administrative remedies and that his complaint failed to state a plausible due process cause of action. *See* Dkt. No. 39. Prior to opposing that motion, Plaintiff moved this Court to stay the case to permit him to exhaust his administrative remedies. *See* Dkt. No. 44. Plaintiff subsequently submitted papers in opposition to Defendants' motion to dismiss or, in the alternative, for summary judgment. *See* Dkt. No. 49.

In a Report and Recommendation dated August 16, 2011, Magistrate Judge Peebles recommended that this Court treat Defendants' motion as a motion for summary judgment, rather than a motion to dismiss, and grant Defendants' motion in its entirety because Plaintiff's only

---

[1] Plaintiff commenced this action on June 15, 2009. *See* Dkt. No. 1. The Court dismissed Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief can be granted. *See* Dkt. No. 4. However, the Court subsequently vacated that determination and allowed Plaintiff to submit an amended complaint setting forth due process claims against Defendants Baldwin and Sadowski. *See* Dkt. No. 17. Plaintiff timely filed his amended complaint on July 1, 2010. *See* Dkt. No. 23.

claim of substance — his due process claim — failed as a matter of law.  *See generally* Dkt. No. 54.  Magistrate Judge Peebles further recommended that this Court deny Plaintiff's motion to stay as futile in light of Magistrate Judge Peebles' determination that no genuine issue of material fact existed as to the merits of Plaintiff's due process claim.  *See id.*  Plaintiff objected to Magistrate Judge Peebles' recommendation.  *See* Dkt. No. 56.

Where a party makes specific objections to the magistrate judge's report and recommendation, the Court conducts a *de novo* review.  *See Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)).  Where a party makes no objection or makes only conclusory or general objections, however, the Court reviews the report and recommendation for "clear error" only.  *See Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quotation omitted).  After conducting the appropriate review, a district court may decide to accept, reject, or modify those recommendations.  *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has conducted a *de novo* review of Magistrate Judge Peebles' Report and Recommendation in light of Plaintiff's specific objections.  Having completed its review, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 16, 2011 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion to stay this action is **DENIED** as futile and moot; and

the Court further

    **ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: March 27, 2012
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge